UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION,<br><br>Plaintiff<br><br>v.<br><br>SOMMERSET HOMEOWNERS ASSOCIATION, et al.,<br><br>Defendants | Case No.: 2:16-cv-00571-APG-EJY<br><br>**Order (1) Granting U.S. Bank's Motion for Summary Judgment, (2) Dismissing U.S. Bank's Alternative Damages Claims as Moot, (3) Denying Sommerset's Motion for Summary Judgment as Moot, and (4) Setting Deadline for Parties to Address the Unjust Enrichment Counterclaim**<br><br>[ECF Nos. 75, 87, 88] |

Plaintiff U.S. Bank, National Association sues to determine whether a deed of trust still encumbers property located at 6609 Ives Avenue in Las Vegas following a non-judicial foreclosure sale conducted by a homeowners association (HOA), defendant Sommerset Homeowners Association (Sommerset).  U.S. Bank seeks a declaration that the HOA sale did not extinguish the deed of trust and it asserts alternative damages claims against Sommerset and Sommerset's foreclosure agent, defendant Alessi & Koenig LLC (Alessi).[1]  Defendant Leodegario Salvador (Salvador) purchased the property at the HOA foreclosure sale.  In the consolidated action, *Salvador v. Nationstar Mortgage, LLC*, 2:16-cv-00919-APG-EJY, Salvador sued U.S. Bank's predecessor, Nationstar Mortgage, LLC (Nationstar), to quiet title.  Nationstar counterclaimed for declaratory relief and asserted an unjust enrichment claim against Salvador. 2:16-cv-00919-APG-EJY, ECF No. 9.

Defendant Sommerset moves to dismiss, arguing that U.S. Bank's damages claims are time-barred and allegations arising from a violation of the CC&Rs' mortgage protection clause

---

[1] A clerk's entry of default was entered against Alessi in November 2018. ECF No. 62.

fail to state a claim. U.S. Bank[2] responds that its claims are not untimely because they do not accrue until the court finds the deed of trust was extinguished. Alternatively, U.S. Bank argues that it is entitled to equitable tolling. Finally, U.S. Bank asserts that its complaint refers to the CC&Rs as an aspect of Sommerset's bad faith in conducting the sale.

Sommerset also moves for summary judgment, this time arguing that U.S. Bank's declaratory relief claim is also untimely. Sommerset further contends the sale did not violate due process and the notices were sent to all interested parties as required. Additionally, Sommerset contends that tender was not futile and U.S. Bank and its predecessors made no tender attempt. Sommerset also argues that even if tender was futile, it did not act in bad faith, so the result would be a declaration that the deed of trust survived the sale but there would be no basis to award damages against Sommerset. Sommerset asserts there is no fraud, oppression, or unfairness that would justify equitably setting aside the sale. Finally, Sommerset argues there is no evidence of bad faith or wrongful foreclosure to support the damages claims.

U.S. Bank opposes Sommerset's motion and also moves for summary judgment on its declaratory relief claim. U.S. Bank raises a variety of arguments as to why the deed of trust survived the sale, including that Sommerset did not foreclose on a superpriority lien, that tender would have been futile, that the homeowner paid the superpriority amount before the sale, that Sommerset did not provide the required notices, and that the sale violates due process as applied. Alternatively, U.S. Bank argues the sale should be equitably set aside.

Salvador opposes U.S. Bank's motion but does not move for summary judgment. Salvador joins Sommerset's arguments, and he also contends he is a bona fide purchaser.

---

[2] At the time the response was filed, Nationstar Mortgage, LLC was the plaintiff. ECF No. 80. U.S. Bank has since substituted into the case as the plaintiff. ECF No. 86. For ease of reference, I characterize the response to the motion to dismiss as U.S. Bank's.

The parties are familiar with the facts so I will not repeat them here except where necessary to resolve the motions. I grant U.S. Bank's motion because the former homeowner paid the superpriority amount prior to the HOA sale, thereby preserving the deed of trust. Because the HOA sale did not extinguish the deed of trust, I dismiss as moot U.S. Bank's damages claims against Sommerset and Alessi and deny as moot Sommerset's motion for summary judgment. Finally, I set a deadline for the parties to address whether U.S Bank is substituted as counterclaimant for Nationstar's unjust enrichment counterclaim, and if so, whether U.S. Bank intends to pursue that counterclaim.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the

light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

### A. Timeliness

Sommerset and Salvador contend that U.S. Bank's declaratory relief claim is subject to a three-year limitation period, so it is untimely. I have previously ruled that the four-year catchall limitation period in § 11.220 applies to claims under § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust. *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). The HOA sale was conducted on September 26, 2012, and the trustee's deed upon sale was recorded on October 2, 2012. ECF No. 87-14. U.S. Bank's predecessor filed this lawsuit on March 15, 2016. Consequently, the declaratory relief claim is timely.

### B. Merits

A homeowner's payments can cure the superpriority default. *9352 Cranesbill Tr. v. Wells Fargo Bank, N.A.*, 459 P.3d 227, 230 (Nev. 2020). In general, "[w]hen a debtor partially satisfies a judgment, that debtor has the right to make an appropriation of such payment to the particular obligations outstanding." *Id.* (quotation omitted). "The debtor must direct that appropriation at the time the payment is made." *Id.* (quotation omitted). If the debtor does not direct how to apply the payment, then the creditor may decide how to allocate it. *Id.* "If neither the debtor nor the creditor makes a specific application of the payment, then it falls to the court to determine how to apply the payment" by reference to "the basic principles of justice and equity so that a fair result can be achieved." *Id.* (quotation omitted).

On April 1, 2008, Sommerset charged a quarterly assessment in the amount of $66.12 and a reserve quarterly assessment in the amount of $25. ECF No. 87-6 at 5. On April 14, the

homeowner paid $91.86, which, because of other fines and late charges on the account, dropped his balance to $50. *Id.* Sommerset charged another quarterly assessment of $66.12 and a reserve quarterly assessment of $25 on July 1, 2008. *Id.* No other assessments were charged before the notice of delinquent assessment lien was recorded on August 22, 2008. ECF No. 87-4. Although there are various fines for violations, there is no evidence of nuisance abatement or maintenance charges. ECF No. 87-6 at 5.

The homeowner made another payment in the amount of $91.86 on September 8, 2008.[3] *Id.* at 6. But the homeowner continued to be charged for late fees and fines for violations on the property. *Id.* at 16. In December 2009, Sommerset told the homeowner that it would reverse all fines and late fees on the property if the homeowner paid $635.62, "which is assessment costs and collection fees." *Id.* at 7. The letter also advised that the homeowner must also pay Alessi's collection fees. *Id.* The letter stated that "[o]nce the association has received notification from Alessi & Koenig that you have paid all association fees and attorney fees in full, the association will initiate the credit of" the late fees and fines. *Id.* In response to this letter, the homeowner paid $635.62 in December 2009. *Id.* at 9. In the "for" line on the check it states: "account balance Somerset [sic] HOA." *Id.* It appears Alessi forwarded $388.36 of this payment to Sommerset. *Id.* at 27. The homeowner made more payments in January, March, and August 2010, and January, April, July, and October 2011 in the amount of $91.86 each. *Id.* at 10-11, 14, 17-19. Alessi sent portions of these payments to Sommerset. *Id.* at 27-28. The HOA's ledger does not show payments applied to particular line items, instead payments were applied to a

---

[3] The checks are signed by someone other than the homeowner, but there is no dispute the checks were tendered on the homeowner's behalf. I therefore refer to these payments as coming from the homeowner.

running balance. *Id.* at 5, 15-16.  There is no evidence of Sommerset's policy regarding how it would apply payments from homeowners.

The only evidence of the homeowner's intent on how to apply the payments comes from the December 2009 letter and subsequent payment.  In response to Sommerset's letter notifying the homeowner that all late fees and fines would be waived and assessments and costs would be satisfied if he paid $635.62, he paid that amount.  That strongly suggests the homeowner intended this payment to go toward all of the overdue assessments, including those within the superpriority amount.  To the extent the homeowner's intent is unclear, and even if the evidence does not show how Sommerset applied the payments other than to a running balance, I would allocate the payments to the superpriority amount for many of the same reasons set forth in *Deutsche Bank Nat'l Tr. Co. v. SFR Investments Pool 1, LLC*, No. 2:14-cv-01131-APG-VCF, 2020 WL 3470304, at *4 (D. Nev. June 24, 2020).

U.S. Bank thus has met its initial burden of establishing the superpriority amount and that the homeowner's payments were applied to pay off the superpriority amount.  The burden thus shifts to the defendants to present evidence raising a genuine dispute.  The defendants have not done so.  Indeed, Sommerset appears to concede that the homeowner satisfied the superpriority amount. *See* ECF No. 90 at 13 ("The HOA does not dispute that the evidence presented by Plaintiff establishes that the homeowner's pre-foreclosure payments exceeded the nine-month amount of the HOA's assessments; however, the HOA disputes the legal effect of the payments to the extent that Plaintiff alleges the HOA is liable for any damages to Plaintiff.").  Because the superpriority lien was satisfied before the sale, the deed of trust was preserved by operation of law. *See Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc).  And because the sale was void as to the deed of trust by operation of law, Salvador's

bona fide purchaser status is irrelevant. *Id.* at 121.  I therefore grant U.S. Bank's motion as to the parties' declaratory judgment and quiet title claims.  Because the HOA sale did not extinguish the deed of trust, I dismiss as moot U.S. Bank's alternative damages claims against Sommerset and Alessi, and I deny as moot Sommerset's motion for summary judgment.

In the consolidated action, Nationstar filed an unjust enrichment counterclaim against Salvador.  In this case, U.S. Bank was substituted as plaintiff, but the substitution does not make clear if U.S. Bank was substituted as counterclaimant as well. *See* ECF Nos. 77, 86.  No party moved for summary judgment on the unjust enrichment counterclaim.  Consequently, it is unclear whether this claim remains pending.  I therefore direct the parties to confer on whether U.S. Bank was properly substituted as a counterclaimant, and if so, whether it intends to pursue the unjust enrichment claim.  If the parties can agree, they must file a stipulation regarding the status of this claim.  If they cannot agree, they must file a status report briefly setting forth the parties' positions.

## II.  CONCLUSION

I THEREFORE ORDER that plaintiff U.S. Bank, National Association's motion for summary judgment **(ECF No. 87) is GRANTED** as follows: It is hereby declared that the non-judicial foreclosure sale conducted by Sommerset Homeowners Association on September 26, 2012 did not extinguish the deed of trust and the property located at 6609 Ives Avenue in North Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff U.S. Bank, National Association's alternative damages claims against defendants Sommerset Homeowners Association and Alessi & Koenig, LLC are DISMISSED as moot.

I FURTHER ORDER that defendant Sommerset Homeowners Association's motion for summary judgment **(ECF No. 88) is DENIED as moot**.

I FURTHER ORDER the parties to confer regarding whether U.S. Bank was properly substituted as a counterclaimant, and if so, whether it intends to pursue the unjust enrichment claim. By August 14, 2020, the parties shall file either a stipulation regarding the status of this claim or a status report briefly setting forth the parties' positions.

DATED this 16th day of July, 2020.

ANDREW P. GORDON  
UNITED STATES DISTRICT JUDGE